EDWARD I. PETOW, PLAINTIFF, v. NORTH BRITISH AND MERCANTILE INSURANCE COMPANY OF LONDON AND EDINBURGH, DEFENDANT.

Argued November 7, 1913—Decided November 16, 1914.

In an action upon a valued fire insurance policy, the primary question to be determined is whether or not the property described in the policy is that which has been injured or destroyed by the fire ; and there can be no recovery by the insured unless he proves that fact.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the rule, *Griggs & Harding.*

*Contra, Heyman & Heyman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover on a valued policy of fire insurance issued by the defendant company to the plaintiff covering certain paintings, sketches and drawings set out, described and valued in the policy as follows:

| | |
|---|---|
| "Monk Praying," by Zurbaran.......... | $5,000 |
| "The Last Judgment" (panel), attributed to Michael Angelo and A. Franz Floris, | $3,500 |
| "Lot and His Daughters," Italian School, | $1,500 |
| "Beheading of John the Baptist," Italian School ............................ | $2,000 |
| "The Annonsiation," Rembrandt School.. | $800 |
| "Life of Early Christians," France School, | $600 |
| "Still Life," attributed to Pierre Boell.... | $400 |
| Twenty-five sketches and drawings not to exceed $20 on each picture........... | $500 |

The claim upon which plaintiff's action rests is that the paintings described in the policy, and the twenty-five sketches and drawings, were destroyed by a fire which occurred at his residence on the 16th day of May, 1912, about three months after the issuing of the policy. The trial resulted in a verdict for the plaintiff for the agreed value of this property, with interest. The validity of this verdict is now challenged by the defendant.

The theory upon which the case was submitted to the jury by the trial court was that if the pictures destroyed were those described in the policy, *or if the plaintiff when he furnished the description believed them to be what the description asserted them to be,* the defendants could not escape liability; that in order to defeat the plaintiff's claim they must

show fraud by the plaintiff, *i. e.*, that he knowingly furnished a false description of those paintings.

We consider the theory of the trial court unsound. It is true that, in the case of a valued policy, the valuation stated therein binds the insurer, unless he is able to show a fraudulent overvaluation (19 *Am. & Eng. Encycl. L.* 1049, and cases cited) ; but this rule does not apply to the description of the property insured. In every action upon a valued fire insurance policy the primary question to be determined is whether or not *the property described in the policy* has been injured or destroyed; and there can be no recovery by the insured unless he proves that fact. He cannot insure a chromo reproduction of a painting by Francisco Zurbaran as the product of that distinguished artist's brush for a sum which would fairly represent the value of the original painting, and then, if the chromo burns up in a fire, recover for the destruction of a genuine work of that old master. And that is so even if, when he took out the policy of insurance, he mistakenly believed that the chromo was what he represented it to be; for what the company insured was, not a chromo lithographic copy of that artist's work, but an original production. In order to hold the company he must show that the very article described in the policy was so destroyed.

That the erroneous theory upon which the case was submitted to the jury was harmful to the defendants, is apparent from even a cursory examination of the testimony sent up with the rule. Not only is proof lacking that the paintings burned were by the artists, or of the schools, specified in the description furnished by the plaintiff, but, on the contrary, the testimony of the plaintiff himself is quite persuasive that they were not; and no other witnesses were called upon this point.

The rule to show cause will be made absolute.